IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RODERICK SIMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 13 C 2254 |
| | ) |
| A-ALERT EXTERMINATING | ) |
| SERVICES, INC., et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants' partial motion to dismiss. For the reasons stated below, the partial motion to dismiss Counts III, V, and VI is granted.

**BACKGROUND**

Plaintiff Roderick Sims (Sims) alleges that in August 2012, he applied for a position with Defendant A-Alert Exterminating Services, Inc. (AAE), which is a pest extermination company. Sims contends that in August 2012, he received a call from AAE asking him to come in and interview for a position. Sims claims that on August 30, 2012, he went to AAE for an interview where he was interviewed by Defendant Kevin Connolly (Connolly), who is allegedly part of management at AAE. The next

1

day Sims was allegedly extended a job offer. Sims contends, however, that upon realizing Sims' age and race at his interview, Connolly decided to pay Sims a salary lower than he had previously promised. Sims also contends that in the afternoon on September 4, 2012, he was listening to Connolly "expound upon the history of extermination while sitting at the head of the table," and that "[w]ithout any warning or explanation, [Connolly] reached and grabbed [Sims'] right arm and violently pulled [Sims] across the table." (Compl. Par. 21-22). Sims contends that he was "shocked and scared at [that] point," but was "able to compose[] [himself] and smile[]. . . ." (Compl. Par. 22-23). Sims also contends that after his interview on August 30, 2012, Connolly began making statements to Sims indicating that Sims would be earning less than allegedly promised to Sims before his interview. After working at AAE for approximately a week, AAE allegedly terminated Sims' employment. Sims includes in his complaint a claim alleging race discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e *et seq.* (Count I), a claim alleging race discrimination in violation of 42 U.S.C. § 1981 (Count II), breach of contract claims (Count III), a claim alleging age discrimination in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.* (Count IV), assault and battery claims (Count V), and intentional infliction of emotional distress (IIED) claims (Count VI). Defendants now move to dismiss the claims in Counts III, V, and VI.

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 622 (7th Cir. 2012); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'" and "if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)(quoting in part *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)); *see also Morgan Stanley Dean Witter, Inc.*, 673 F.3d at 622 (stating that "[t]o survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," and that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged")(quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009))(internal quotations omitted).

## DISCUSSION

I. Breach of Contract Claims (Count III)

Defendants argue that Sims has failed to state a valid breach of contract claim since Sims fails to allege facts that would indicate other than that Sims was an at-will employee. Under Illinois law, "an at-will employee may be discharged for any reason or no reason." *Lucas v. County of Cook*, 987 N.E.2d 56, 68 (Ill. App. Ct. 2013)(internal quotations omitted)(quoting *Turner v. Memorial Medical Center*, 911 N.E.2d 369 (Ill. 2009)); *see also Swenson v. Salient Management Co.*, 2013 WL 4401323, at *2-3 (N.D. Ill. 2013)(quoting *Duldulao v. Saint Mary of Nazareth Hosp. Ctr.*, 505 N.E.2d 314, 318 (Ill. 1987) for proposition that "employment at will is 'only a presumption that a hiring without a fixed term is at will . . . which can be overcome by demonstrating that the parties contracted otherwise'"). In the instant action, Sims alleges that he applied for an "exterminating job position opening of technician." (Compl. Par. 6). Such allegations do not suggest that a formal contract would have been prepared for such a position. Nor does Sims allege that the parties signed any formal employment contract. Sims' allegations suggest only that he was an at-will employee and that Defendants owed no contractual obligations to Sims regarding his employment. Therefore, Defendants' motion to dismiss the breach of contract claims (Count III) is granted.

II. Assault and Battery Claims (Count V)

Defendants argue that Sims fails to allege sufficient facts to state valid assault and battery claims. For a claim of battery a plaintiff must establish: (1) that the defendant made harmful or offensive contact with the plaintiff, and (2) that the defendant "intend[ed] to cause a harmful or offensive contact." *Bakes v. St. Alexius Medical Center*, 955 N.E.2d 78, 85-86 (Ill. App. Ct. 2011). Defendants argue that Sims has not alleged facts that suggest that he was harmed when Connolly allegedly grabbed him. Defendants also point out that Sims acknowledges in his complaint that after the alleged contact by Connolly, Sims was able to smile. However, a battery claim may be premised on an offensive contact, not just harmful contact. *Id.* Sims alleges that Connolly unexpectedly grabbed Sims' right arm. (Compl. Par. 22). There is no indication that there was any contact that involved a confrontation or argument or that it was anything other than a normal social interaction at a meeting. The mere fact that Sims claims now that he was shocked, does not mean that he suffered a battery based on the facts presented by Sims. Also, Sims contends that he composed himself and smiled, suggests that he did not suffer a battery. The allegations in the complaint also indicate further employment interactions between Sims and Connolly. Therefore, Defendants' motion to dismiss the assault and battery claims (Count V) are granted.

III. IIED Claims (Count VI)

Defendants argue that Sims fails to allege sufficient facts to state a valid IIED

claim. For an IIED claim brought under Illinois law, a plaintiff must establish: (1) that "the defendants' conduct was extreme and outrageous," (2) that "the defendants knew that there was a high probability that their conduct would cause severe emotional distress," and (3) that "the conduct in fact caused severe emotional distress." *Swearnigen-El v. Cook County Sheriff's Dept.*, 602 F.3d 852, 863-64 (7th Cir. 2010). Defendants argue that Sims has failed to allege conduct that would suggest extreme and outrageous conduct. Extreme and outrageous conduct is defined as conduct that is "so extreme as to go beyond all possible bounds of decency, and to be regarded as intolerable in a civilized community." *Id.* (internal quotations omitted)(quoting *Kolegas v. Heftel Broad. Corp.*, 607 N.E.2d 201, 211 (Ill. 1992). In the instant action, Sims merely alleges that on one occasion Connolly reached out and grabbed Sims. Sims does not allege any physical harm as a result of the conduct. As the court indicated earlier, the allegations by Sims do not reflect battery and that there is no indication that there was any contact that involved a confrontation or argument or that it was anything other than a normal social interaction at a meeting. Even when viewing the allegations in a light most favorable to Sims, such conduct would not qualify as extreme misconduct that could be characterized as being beyond all bounds of decency that cannot be tolerated in a civilized society. Nor does Sims allege any other conduct by Defendants that could conceivably constitute extreme and outrageous conduct. Sims has thus failed to allege facts that suggest extreme and outrageous conduct. Therefore, Defendants' motion to dismiss the IIED claims (Count VI) is granted.

## CONCLUSION

Based on the foregoing analysis, Defendants' motion to dismiss the breach of contract claims (Count V), the IIED claims (Count VI), and the assault and battery claims (Count V) is granted.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated:   November 13, 2013